■ COMMONWEALTH OF PENNSYLVANIA, Appellant-Respondent, v ROBERT FREEMAN et al., Respondents-Appellants.—In an action to recover damages predicated upon defendants' negligence and/or fraud in the practice of law, plaintiff appeals from (1) an order of the Supreme Court, Westchester County, dated September 14, 1978, which granted defendants' motion for a

protective order vacating notices to take the depositions of Robert Freeman and Joseph Pisani and (2) a further order of the same court, dated April 18, 1979, which granted defendants' motion to dismiss the complaint, unless the action is placed on the Trial Calendar within a certain time, and denied plaintiff's cross motion, *inter alia,* to compel witnesses to answer certain deposition questions. Defendants cross-appeal from those portions of the order dated April 18, 1979 which "only partially and conditionally granted" their motion to dismiss. Order dated September 14, 1978 reversed and motion for a protective order denied. The deposition of witnesses Freeman and Pisani shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such other time and place as the parties may agree. The notice shall be served within five days after service upon the plaintiff of a copy of the order to be made hereon, together with notice of entry thereof. Order dated April 18, 1979 reversed, the defendants' motion to dismiss is denied unconditionally and plaintiff's cross motion to compel witnesses Arthur H. Grae, Albert J. Gaynor and Mitchell R. Glick to answer certain questions is remitted to Special Term for a hearing and determination of the issue of lawyer-client privileges. Plaintiff is awarded one bill of $50 costs and disbursements to cover both appeals. When the examination of plaintiff's witnesses had concluded at 3:00 P.M.—and the parties had not even broken for lunch—it was not inappropriate for plaintiff's counsel to seek to adjourn the deposition of Robert Freeman. Both Freeman and Joseph Pisani should now be deposed. Furthermore, under the circumstances of this case, it was error to dismiss the complaint (even on a conditional basis) and to fail to make any determination of plaintiff's cross motion to compel the witnesses Grae, Gaynor and Glick to answer questions. A hearing should now be held to ascertain the validity of the lawyer-client privileges asserted by those witnesses. Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.